EXHIBIT "B"

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **JUAN CARLOS MACHADO ESPINOZA** | * | **CIVIL ACTION NO.: 2:23-cv-6204** |
| | * | **SECTION: M(4)** |
| **VERSUS** | * | **JUDGE: BARRY W. ASHE** |
| **WESTBANK FISHING, LLC** | * | **MAG. JUDGE: KAREN WELLS ROBY** |
| | * | **JURY TRIAL REQUESTED** |

******************************************************************************

**<u>ANSWER TO FIRST SET OF INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS</u>**

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, JUAN CARLOS MACHADO ESPINOZA, who answers the Interrogatories and responds to the Requests for Production propounded by Defendant, WESTBANK FISHING, LLC, as follows.

These discovery responses are based on the best-known information as of the date of these Answers and Responses. Investigation is continuing. Plaintiff reserves the right to supplement and amend each Answer or Response, as Plaintiff deems necessary or appropriate.

**<u>INTERROGATORIES</u>**

**<u>INTERROGATORY NO. 1:</u>**

Provide your full name, date of birth, current physical address, current mailing address, social security number and driver's license number.

**<u>ANSWER TO INTERROGATORY NO. 1:</u>**

Juan Carlos Machado Espinoza

[redacted]

[redacted]

[redacted]

[redacted]

**INTERROGATORY NO. 2:**

If you are married, identify the name of your spouse, the year you were married, and the names and date of birth of any children you have. If you are divorced, provide the name and last known address of your former spouse(s) and the parish/county in which the divorce(s) were obtained.

**ANSWER TO INTERROGATORY NO. 2:**

[redacted]

**INTERROGATORY NO. 3:**

Provide the name and address of each and every company or person for whom you have performed any work whatsoever, **since** the date of the alleged accident sued upon, and indicate the type of work you performed and the inclusive dates of the work. If you have not worked **since** the date of the alleged accident, state whether you have sought employment, and if so, the identity of the company or person from whom employment was sought.

**ANSWER TO INTERROGATORY NO. 3:**

Plaintiff has not worked since the incident and has not sought employment due to the fact that he is still under active treatment for his injuries arising out of the incident.

**INTERROGATORY NO. 4:**

Provide the name and address of each and every company for whom you worked for during the years 2013 – 2023 and indicate the year or years you worked for each such company, including

your job title(s), position(s) with each company, your immediate supervisor(s), and your pay rate in each position.

**ANSWER TO INTERROGATORY NO. 4:**

- Westbank Fishing 2022-2023
- Seafood Alaska 2020-2021, Kodiak Alaska, $15.50/hr
- Cosma Tugs, Sinaloa MX, Topolobampo 30,000 pesos per month
- Helman Baja Ferries, Sinaloa, MX 2016-2019, 30,000 pesos per month
- Billie's Seafood, Broussard, LA 2014-2016 $15.00/hr
- Omega Protein, Intercostal City, LA, 2012 $1800-2000 every two weeks, based on production

**INTERROGATORY NO. 5:**

Provide the name and address of each medical provider and medical facility who examined or treated you during the ten (10) year period ***before*** the date of your alleged accident sued upon.

**ANSWER TO INTERROGATORY NO. 5:**

Plaintiff objects to this Interrogatory as vague, overly broad, it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of the case. Plaintiff cannot necessarily recollect and/or identify "each medical provider and medical facility who examined or treated him" since 2013. Nonetheless, subject to and without waiving the foregoing objections, to the best of his recollection, he recalls the following:

- To work for Omega, Plaintiff had a preemployment physical done at a clinic in Abbeville, LA, but does not recall the name.
- Plaintiff had a Physical Aptitude test performed in Mexico on 5/11/2021 (*see* ESPINOZA 0632 produced herewith).

- Plaintiff was treated for Covid in Mexico in 2021.

**INTERROGATORY NO. 6:**

Provide the name and address of each pharmacy you have used for prescription medication during the ten (10) year period ***before*** the date of your alleged accident sued upon.

**ANSWER TO INTERROGATORY NO. 6:**

- Walgreens; 2000 Canal St., New Orleans, LA 70112
- Walmart; 3005 Veterans Memorial Dr., Abbeville, LA 70510
- Lapalco Drugs; 436 Lapalco Blvd., Gretna, LA 70056
- CVS; 6800 Johnston Street, Lafayette, LA 70501

**INTERROGATORY NO. 7:**

Identify the name and address of each and every medical provider and medical facility from which you have sought treatment or have been evaluated ***as a result of*** the alleged accident sued upon.

**ANSWER TO INTERROGATORY NO. 7:**

- University Medical Center; 2000 Canal St.; New Orleans, LA 70112;
- New Orleans Headache & Neurology Clinic, 120 Meadowcrest St., Suite 420, Gretna, LA 70056 (Cornel Rogers, MD);
- The NeuroMedical Center, 10101 Park Rowe Ave., Baton Rouge, LA 70810 (B. Glenn Kidder, MD);
- Ochsner University Hospital & Clinics, 2390 W. Congress St., Lafayette, LA 70506.

**INTERROGATORY NO. 8:**

State whether or not you have ever sought medical treatment ***subsequent*** to the alleged incident sued upon, other than as referred to in the previous answers, and, if so, state:

a. The names and addresses of all such hospitals, clinics, or other such medical institutions; and

b. The dates on which you sought treatment and the reasons for seeking treatment.

**ANSWER TO INTERROGATORY NO. 8:**

None other than what is identified in Plaintiff's Answer to Interrogatory No. 7.

**INTERROGATORY NO. 9:**

Indicate whether you have sustained bodily injury, while employed or otherwise, within the ten (10) years preceding the date of your alleged accident sued upon, and for each such accident and/or injury, indicate the date each such accident and/or injury occurred, the name and address of your employer at the time, and if the accident or injury occurred off the job, indicate where and when the incident occurred, and for each such accident and injury described in your answer to this Interrogatory, indicate whether a lawsuit or claim was filed, and if such was filed, identify the parish or county and state in which each such suit or claim was filed or made.

**ANSWER TO INTERROGATORY NO. 9:**

None that Plaintiff can recall.

**INTERROGATORY NO. 10:**

If you have sustained any bodily injury prior to your alleged accident sued upon, identify each and every such injury sustained, indicate the date of each and every such injury, state a brief description of what happened, and identify the name and address of the medical provider or providers from whom you sought treatment for each and every such injury.

**ANSWER TO INTERROGATORY NO. 10:**

Plaintiff objects to this Interrogatory as vague, overly broad, it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of the case.

Plaintiff cannot necessarily recollect and/or identify each and every "bodily injury" that he has ever sustained. Nonetheless, subject to and without waiving the foregoing objections, nothing of significance that he recalls.

**INTERROGATORY NO. 11:**

Have you filed federal income tax returns for the years 2013– 2023? If you have not filed income tax returns for those years, indicate the years in which you did not file such tax returns, and explain why tax returns were not filed in those years.

**ANSWER TO INTERROGATORY NO. 11:**

Yes, while employed in the United States.

**INTERROGATORY NO. 12:**

Explain in as much detail as you are capable of providing, the details of the June 6, 2023, incident as alleged within your Complaint, including but not limited to:

(1) the location;

(2) the activity which you were performing at the time;

(3) the part(s) of your body or mind that you claim were injured as a result of the incident sued upon including a description of the nature of any such injury(ies);

(4) why you believe the alleged incident occurred;

(5) the name of your employer on the date of the incident; and

(6) all parties, persons or things you believe are responsible for causing the incident.

**ANSWER TO INTERROGATORY NO. 12:**

See the Form CG-2692 Report of Marine Casualty (WB 000004-06) for details of the location of the incident. At the time of the incident, Plaintiff was performing his assigned duties as a deckhand engaged in menhaden fishing operations, employed by Westbank Fishing, LLC,

when suddenly and without warning, and through no fault of his own, a metal pole on the vessel fell and struck Plaintiff in the head while he was standing on the deck of the vessel. As stated by Mr. Gustavo Chavarria in his June 23, 2023 correspondence (ESPINOZA 0633-34, produced herewith), "The stern pole, a stainless steel 7ft pole, used to guide the net popped off and struck Mr. Machado across the face and knocked him unconscious." The force of the impact caused Plaintiff to fall and strike his head again on a diesel fuel tank. Plaintiff was medevacked that day to University Medical Center in New Orleans, Louisiana. See all medical records produced to date for descriptions of the injuries suffered by Plaintiff.

**INTERROGATORY NO. 13:**

For those mental and physical injuries you claim to have sustained in the incident sued upon and identified in Interrogatory No. 12 above, state whether you have ***ever*** sought or received medical evaluation and/or treatment, of any kind, for those same mental and/or physical injuries, before June 6, 2023, including the specific medical providers who provide evaluation(s) and/or treatment, the specific body part(s) subject of the evaluation and/or treatment, and the dates of the evaluation and/or treatment.

**ANSWER TO INTERROGATORY NO. 13:**

No prior similar conditions that Plaintiff can recall.

**INTERROGATORY NO. 14:**

Identify the names, addresses, and employer of all persons known to you who were present at the scene of the alleged incident sued upon, or who may have been an eyewitness to the alleged incident.

**ANSWER TO INTERROGATORY NO. 14:**

To the best of Plaintiff's recollection, the crew of the vessel, which included Jose Indolfo

Terrazas Pinzon, Manuel Ramon Alcaraz Valdez, Jesus Duran Lerma, Karin Raranjo Lopez, and the Captain of the vessel.

**INTERROGATORY NO. 15:**

State whether you, or anyone acting on your behalf, has conducted an investigation and/or interviews of anyone concerning the facts of this matter and identify the person performing the investigation and identify all persons contacted and all documents and/or statements obtained in the investigation, including the date(s) of each investigation and/or interview.

**ANSWER TO INTERROGATORY NO. 15:**

To the best of Plaintiff's knowledge, Westbank Fishing conducted an investigation.

**INTERROGATORY NO. 16:**

Describe all representations, statements, declarations or admissions by anyone, if any, admitting fault for the incident sued upon, and identify the person(s) who made the statement(s) or representations, including his or her job titled and the date and place where the statement or representation was made.

**ANSWER TO INTERROGATORY NO. 16:**

Please see the documents previously produced by Westbank Fishing for witness statements as well as the statements made by Gustavo Chavarria in his June 23, 2023 correspondence (ESPINOZA 0633-34).

**INTERROGATORY NO. 17:**

Indicate whether you have been arrested for, charged with, or convicted of a crime within the past ten (10) years, and if your answer is "Yes," indicate the nature and year of the arrest, charge, or conviction, and the disposition thereof, including the parish or county in which the charge was brought, and indicate whether you pled guilty to any of the charges made.

**ANSWER TO INTERROGATORY NO. 17:**

Plaintiff objects to this Interrogatory as vague, overly broad, it seeks information not relevant to any claim or defense in this case and is not proportional to the needs of the case. Moreover, the information sought in this Interrogatory is not admissible pursuant to the Federal Rules of Evidence. Subject to and without waiving the foregoing objections, no.

**INTERROGATORY NO. 18:**

State your complete educational background and any job-related training or certifications obtained by you, including any such training or certifications as they pertain to your employment, if any, at the time of the alleged incident sued upon.

**ANSWER TO INTERROGATORY NO. 18:**

Elementary school, 1st Grade.

**INTERROGATORY NO. 19:**

State whether you are currently receiving or have received worker's compensation, maintenance and cure, or disability benefits as a result of your alleged injuries herein, and identify the name of the payor, the amount of benefits received per check, in total, and identify all other sources and amounts of funds that you have received after the alleged incident sued upon.

**ANSWER TO INTERROGATORY NO. 19:**

Yes, Plaintiff currently receives maintenance from Westbank Fishing at the rate of $35/day.

**INTERROGATORY NO. 20:**

Identify in detail any other claims or suits for personal injury made by you in the past, including but not limited to: (1) tort suits; (2) worker's compensation claims; (3) Jones Act and/or maintenance and cure claims; (4) social security benefit claims; and (5) LHWCA benefits. Please identify the person or company against whom such claim(s) were made and the forum in which

such claims/suits were made.

**ANSWER TO INTERROGATORY NO. 20:**

None.

**INTERROGATORY NO. 21:**

Have you sought Social Security benefits as a result of the incident sued upon? If so, please indicate the date of application, the date your application was granted or denied, and the amount of benefits you receive each month.

**ANSWER TO INTERROGATORY NO. 21:**

No.

**INTERROGATORY NO. 22:**

Please state the full name of each fact and expert witness whom you will call to testify at the trial of this matter.

**ANSWER TO INTERROGATORY NO. 22:**

Plaintiff objects to this Interrogatory as discovery is in its nascent stage and the identities of relevant witnesses may not yet be know. Plaintiff will identify all witnesses in accordance with the Scheduling Order of the Court. Subject to and without waiving the foregoing objections, at a minimum, please see all witnesses identified thus far by the parties in their Initial Disclosures and in the documents produced.

Plaintiff does not currently have any expert witnesses retained. All disclosures and expert reports will be produced in accordance with the Scheduling Order of the Court. At a minimum, in addition to his treating physicians who may testify as experts in their respective medical fields, Plaintiff may rely on expert testimony from a vocational rehabilitation expert, life care planner, economist, and/or a liability expert.

**INTERROGATORY NO. 23:**

Please identify in detail the status of maximum medical improvement as a result of the incident sued upon and as alleged in Paragraph 4 of your Complaint.

**ANSWER TO INTERROGATORY NO. 23:**

MMI is undetermined at this time as Plaintiff continues with medical treatment.

**INTERROGATORY NO. 24:**

Please provide the following information for every social media or professional networking or blogger site you use or have used since June 6, 2023, including any accounts that you deleted since June 6, 2023:

a) Identify the social or professional networking or blogger site that you use or have used since June 6, 2022; AND

b) Identify your account name(s), real name(s) and/or pseudonym(s) you use or have used to identify yourself on the sites identified in Subpart a.

**ANSWER TO INTERROGATORY NO. 24:**

The only "social media or professional networking or blogger" account Plaintiff maintains is What's App for telephone communications only.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

Produce any and all medical reports, doctor reports, psychologist or psychiatrist reports, hospital records, medical records, diagnostic tests, chiropractor records, physical therapy records, and any and all other medical information concerning treatment for any injury you claim you sustained in the incident sued upon.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Please see all medical records produced by the parties to date, as well as ESPINOZA 0628-631 produced herewith. Plaintiff will continue to produce all records as received.

**REQUEST FOR PRODUCTION NO. 2:**

Produce any and all medical reports, doctor reports, psychologist or psychiatrist reports, hospital records, medical records, diagnostic tests, chiropractor records, physical therapy records, and any and all other medical information concerning treatment for any injury you sustained or suffered ***prior*** to the incident described in your suit, ***or*** for treatment rendered ***after*** the incident sued upon, but unrelated thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Please see Plaintiff's Response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 3:**

Produce any and all notes, memorandum, or diaries maintained by you and in connection with any of your activities that concern, or in any way relate to any of the claims asserted in your Complaint, and Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Please see documents previously produced by Plaintiff, Bates-stamped ESPINOZA 0594-627.

**REQUEST FOR PRODUCTION NO. 4:**

Produce any and all photographs, digital files, and/or video(s) purporting to show the place and/or circumstances of the incident sued upon and/or the instrumentalities involved and/or any party to this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Please see photographs and videos produced herewith, Bates-stamped ESPINOZA 0641-651.

**REQUEST FOR PRODUCTION NO. 5:**

Produce any and all accident reports, police reports, injury reports, investigative reports, medical records or other similar reports related to the incident which forms the basis of this suit ***or*** any other accident in which you have been involved prior to the incident at issue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Please see all documents produced by the parties to date.

**REQUEST FOR PRODUCTION NO. 6:**

Produce any and all written, recorded, or transcribed statements or notes of interviews of any person(s) purporting to have knowledge relating to any of the claims asserted in your Complaint, and Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

None other than what has been produced by the parties to date.

**REQUEST FOR PRODUCTION NO. 7:**

Produce any documents relating in any way to any criminal convictions you have or guilty pleas you have entered, and any resulting sentence, incarceration, probation or parole, with respect to any crime or other violation of any law, code, regulation, or rule that may result in imprisonment, a fine, probation or jailing.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

None.

**REQUEST FOR PRODUCTION NO. 8:**

Produce copies of all prior or current lawsuits in which you were or are a party, other than the above captioned lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

None.

**REQUEST FOR PRODUCTION NO. 9:**

Produce copies of all transcripts of any deposition or other testimony which you have given in any prior or current lawsuit(s) in which you are a party.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

None.

**REQUEST FOR PRODUCTION NO. 10:**

Produce any and all documentation of any type, including but not limited to correspondence, applications, medical reports, check stubs, photocopies of checks and/or transcripts of proceeding, related to any claim which you have made prior to the incident at issued, for unemployment compensation benefits, maintenance and cure benefits, LHWCA benefits, social security benefits, disability insurance benefits, veterans' administration benefits, workers' compensation benefits, health insurance benefits, insurance benefits of any kind or description, welfare benefits, or any other similar benefits not specifically named herein, whether the claim was successful or not.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

None.

**REQUEST FOR PRODUCTION NO. 11:**

Produce all records related to the expenses you have or will incur as a result of the incident

sued upon, including but not limited to: medical bills and invoices.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Please see receipts from pharmacies, Bates-stamped ESPINOZA 0635-640 and produced herewith. Plaintiff will continue to produce records of any out-of-pocket expenses as received.

**REQUEST FOR PRODUCTION NO. 12:**

Produce a copy of all contracts/agreements concerning the billing and/or payment of medical services received by you in connection with the incident sued upon, whether or not you are a party to that agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

None other than what is contained in the previously produced medical records.

**REQUEST FOR PRODUCTION NO. 13:**

Produce all records evidencing your "compensatory damages" you have lost as a result of the alleged incident sued upon and as alleged in Paragraph 4 of your Amended Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Plaintiff objects to this Interrogatory as discovery is still in its nascent stage. At a minimum, please see all documents produced by the parties to date. Responsive documents will be produced as received. Moreover, all expert reports will be produced in accordance with the Scheduling Order of the Court.

**REQUEST FOR PRODUCTION NO. 14:**

Produce all records evidencing your wages and/or income earned in the ten (10) years **preceding** the date of the alleged accident, including but not limited to, income tax returns and social security earning records.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 14:</u>**

Plaintiff is attempting to obtain such information and will produce upon receipt. All wage information from Westbank Fishing is in the possession of Defendant.

**<u>REQUEST FOR PRODUCTION NO. 15:</u>**

Produce any and all documents referenced, identified, or reviewed by you in answering the accompanying Interrogatories.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 15:</u>**

Please see all documents previously produced and produced herewith.

**<u>REQUEST FOR PRODUCTION NO. 16:</u>**

Produce complete copies of any and all exhibits upon which you will rely at the trial of this matter.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 16:</u>**

Plaintiff objects to this Interrogatory as discovery is still in its nascent stage. At a minimum, please see all documents produced by the parties to date. Responsive documents will continue to be produced as received. Moreover, all exhibits will be identified in accordance with the Scheduling Order of the Court.

**<u>REQUEST FOR PRODUCTION NO. 17:</u>**

Please produce the following information for each social media or professional networking or blogger site you use or have used since June 6, 2023, including all information that has been deleted since June 6, 2023:

a) all postings, comments, direct messages, e-mails and/or photographs that refer or relate to the incident sued upon;

b) all postings, comments, direct messages, e-mails and/or photographs that

refer or relate to mental anguish and/or emotional distress that you allege to have suffered as a result of the incident sued upon and any treatment that you received therefor;

c) all postings, comments, direct messages, e-mails and/or photographs that refer or relate to alternative potential emotional stressors or that are inconsistent with the mental injuries you allege to have suffered as a result of the incident sued upon;

d) all postings, comments, direct messages, e-mails and/or photographs that refer or relate to physical injuries that you allege to have sustained as a result of the incident sued upon and any treatment received therefor;

e) all postings, comments, direct messages, e-mails and/or photographs that refer or relate to other, unrelated mental and/or physical injuries suffered or sustained by you;

f) all postings, comments, direct messages, e-mails and/or photographs that refer or relate to your physical capabilities that are inconsistent with the injuries that you allege to have suffered as a result of the incident sued upon;

g) all postings, comments, direct messages, e-mails and/or photographs that indicate that you were okay, not injured, alright and/or did not sustain either physical and/or mental injuries as a result of the incident sued upon; AND

h) all metadata for each social media or professional networking or blogger site you use or have used since June 6, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

None.

**REQUEST FOR PRODUCTION NO. 18:**

Produce all records regarding "maintenance and cure" benefits that Westbank Fishing remains due and owing as alleged in Paragraph 4 of your Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Plaintiff is working on identifying any out-of-pocket expenses he has incurred for his own medical treatment and/or medications and will provide to counsel once determined. Please also see Plaintiff's Response to Request for Production No. 11.

**REQUEST FOR PRODUCTION NO. 19:**

Produce the executed National Maritime Center Correspondence request and employment, education, military, medical, prison, social security earnings, and social security disability authorizations that are attached.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

See executed authorizations, produced herewith.

Respectfully submitted,

/s/ *Ian F. Taylor*

PAUL M. STERBCOW (#17817)
IAN F. TAYLOR (#33408) (T.A.)
Lewis, Kullman, Sterbcow & Abramson, LLC
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Telephone: (504) 588-1500
Facsimile: (504) 588-1514
sterbcow@lksalaw.com
itaylor@lksalaw.com

AND

/s/ *C. Benjamin Landry*

C. BENJAMIN LANDRY (#20052)
Charles Benjamin Landry, APLC
1309 Lafayette St.
Lafayette, LA 70501

Telephone: (337) 232-9806
Facsimile: (337) 232-9172
cbenlandry@yahoo.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 8th day of April, 2024 served a copy of the foregoing Discovery Responses via electronic mail to all parties of record.

/s/ *Ian F. Taylor*